IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig E. Scherber,          Case No. 3:13CV530

    Plaintiff

    v.          **ORDER**

Online Auctions, LLC, et al.,

    Defendants

This suit, involving ownership of a 1954 Kaiser Darrin automobile, arises under federal and state law.[1] Pending is a motion by the defendants Jack White and Allan G. Sobb, Executors of the Estate of Beatrice Sobb (Sobb defendants), to dismiss. (Doc. 15).

For the reasons that follow, I deny the motion.

**Background[2]**

---

[1] I note that plaintiff's direct losses appear to be $13,000 (the $28,000 plaintiff paid for the car to defendants Online Auctions, LLC and Steven Parker Hanson minus the $15,000 he received when he, in turn, sold the car to another purchaser. If that is so, I question the applicability of diversity as a jurisdictional basis.

[2] I base my discussion of the background facts on the opinion of Lucas County Common Pleas Court Judge Frederick H. McDonald. (Doc. 31-1). None of my factual statements herein is, in any event, to have any *res judicta* effect: I recite them simply to set the framework for my discussion of the issues.

Al Sobb Sr., now deceased, transferred title to the Darrin to his wife, Beatrice M. Sobb, who bequeathed the vehicle to her son, Arthur Sobb, on her death in 2004. Defendants Allan G. Sobb and Jack White, co-executors, did not include the Darrin in Ms. Sobb's estate in the Lucas County, Ohio, Probate Court. Before closing the estate in 2007, that court did not address ownership of the car. The last time Arthur Sobb, the vehicle's legatee, had seen the car was in 1997 when he left it with a former employer.

On August 28, 1997, defendant Howard Mercer bought the Darrin from someone who represented himself to be Randy Dieger from Pro-Pak, a representative of Mr. Sobb's former employer. Mercer stored the vehicle for the next ten years. In May, 2007, Mercer contacted defendant Online Auctions, LLC, which agreed to sell the vehicle. Mercer represented himself as the sole owner of the Darrin.

Plaintiff Craig Scherber, who lives in Minnesota, bought the Darrin in September, 2010, and took possession of the car. Defendant Hanson and/or others working on his behalf, promised to deliver title to Scherber. That has not occurred.

In the meantime, defendant Allan Sobb obtained an Ohio replacement title in the name of his brother Arthur. Plaintiff disputes the validity of the replacement title

On February 4, 2011, defendant Online Auctions, LLC filed a complaint against Allan Sobb, Arthur Sobb, and Beatrice Sobb in Lucas County Court of Common Pleas, Case No. 11-1588. Judge McDonald held the 1980 title in Beatrice Sobb's name was controlling. The court ordered that her estate was entitled to possession of the Darrin.

On May 30, 2012, the Sobb defendants filed their first amended third-party complaint

against Scherber and Steven Parker Hanson. On December 18, 2012, Scherber filed a Motion to Set Aside Void Judgments, which Judge McDonald granted on June 6, 2013. He did so on the basis that the Lucas County Probate Court, not the Common Pleas Court, had exclusive jurisdiction to administer Beatrice's estate and distribute its assets.

In addition, Judge McDonald stayed proceedings pending further court order as to the other claims pending between the parties in the Lucas County Common Pleas action.

The Sobbs base their pending motion to dismiss on the doctrine of *forum non conveniens*.

### Discussion

I can dispose of the pending motion fairly easily. This is so, because as plaintiff argues, the Supreme Court noted in *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2 (1994), the common law *forum non conveniens* doctrine applies only "where the alternative forum is abroad." That clearly is not the case here.

In any event, I am persuaded, even if the doctrine were somehow applicable, it would not require dismissal of the claims against the Sobbs. They are, unquestionably, real parties in interest: the outcome of plaintiff's claims can potentially have a substantial adverse impact on their claim to the car. As importantly, both the parties and matters at issue in this case are far more extensive than those in the now stayed state court action. It appears, moreover, that plaintiff has sued every individual and entity that either participated in the events giving rise to this case or who might be affected by its outcome.

It makes good sense, in a word, to adjudicate everything in dispute in one court and at one time. As Judge McDonald has stayed his proceedings, there is no risk of inconsistent verdicts. Depending on the outcome here, Sobb defendants may remain able to re-open the estate

in the Lucas Probate Court, which can determine how to distribute the estate's interest, if any, in the Darrin.

## Conclusion

The doctrine on which defendants base their motion does not apply. In any event, if it did, their contention that this is a *forum non conveniens* is not well taken on its merits.

It is, accordingly,

ORDERED THAT:

1. The Sobb defendants' motion to dismiss (Doc. 15) be, and the same hereby is overruled;

2. Defendants Mercer and Crawford shall show cause on or before September 30, 2013, why default should not be entered against them and judgment entered accordingly;

3. Entity defendants Online Auctions, LLC, Central Auto Finance, Inc., and Riverwood Properties, Inc., shall, on or before September 30, 2013, cause an appearance to be entered on their behalf, or show cause why default should not be entered against them and judgment entered accordingly; and

4. A status/scheduling conference on Monday, October 7, 2013, at 11:00 a.m. before undersigned; counsel and unrepresented individual parties to appear in person; failure to comply with this order shall result in entry of default against any non-appearing unrepresented individual parties.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge